IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01855-WYD-KMT

USAA CASUALTY INSURANCE COMPANY, a Foreign corporation,

    Plaintiff,

v.

MICHAEL C. BETTS, JR., an individual,

    Defendant.

**ORDER**

THIS MATTER comes before me on Plaintiff's, USAA Casualty Insurance Company, Motion for Summary Judgment filed March 9, 2010 [ECF No. 13]. Defendant Michael C. Betts, Jr. submitted a one sentence response to that motion, which provides that he "has no additional information to enter into evidence on the record in this case and submits this case to the Court for Judgment based on the record." Def. Resp., p. 1 [ECF No. 14]. For the reasons set forth below, Plaintiff's motion is granted.

**I.    FACTUAL BACKGROUND**

The following facts are undisputed on the record. Defendant Michael C. Betts (hereinafter referred to as "Defendant") resides in Littleton, Colorado with his wife, Deborah Betts, and four minor children, Patrick Betts, Aspen Betts, Cora Betts, and Michael Betts. USAA Casualty Insurance Company (hereinafter "USAA") issued Colorado Auto Policy No. 01009-72-53C-7102-8 (hereinafter referred to as the "Policy") to Defendant, insuring him

and certain automobiles he owned, including a 2006 Nissan Quest minivan (hereinafter referred to as the "Insured Vehicle"). Defendant is the "Named Insured" on the Policy, which was issued in and delivered to him in Colorado. The Policy provides the following definitions for terms relevant to this dispute:

> "**You** and **Your** refer to the named insured shown on the Declarations and spouse if a resident of the same household.
> "**Bodily injury** (referred to as **BI**) means bodily harm, sickness, disease, or death."
> "**Family member** means a person related to you by blood, marriage, or adoption who is a resident of your household. This includes a ward or foster child."
> "**covered person**" as used in Part A of the Policy concerning liability coverage means "**You** or any **family member** for the ownership, maintenance, or use of any auto or trailer."

(Emphasis in original). The Policy further provides that "[t]here is no coverage for BI for which a covered person becomes legally responsible to pay a member of that covered person's family residing in that covered person's household" (hereinafter the "Household Exclusion").

On January 27, 2008, Defendant was driving the Insured Vehicle on Interstate 80 in Buffalo County, Nebraska en route to his home in Colorado, when a collision occurred with another vehicle (hereinafter "the Accident"). At the time of the Accident, Defendant's wife and four minor children, were occupants of the Insured Vehicle. Each of the passengers in the Insured Vehicle was injured in the Accident.

On March 8, 2009, a lawsuit was filed in the District Court for Douglas County, Nebraska, by Deborah Betts and on behalf of Patrick Betts, Aspen Betts and Cora Betts (hereinafter "the Lawsuit"). The Lawsuit, which named Defendant herein as a defendant

along with the owners and operators of the other vehicle involved in the Accident, seeks money damages for bodily injuries sustained by Deborah Betts, Patrick Betts, Aspen Betts and Cora Betts. Defendant notified USAA of the Lawsuit and has demanded that USAA furnish a defense.

USAA seeks a declaratory judgment that the terms of the Policy do not require USAA to defend or indemnify Defendant in the Lawsuit. USAA argues that the express terms of the policy provide no coverage for bodily injuries Defendant may become responsible to pay a member of his family residing in his household. USAA argues that there are no genuine issues of fact and summary judgment should be entered in its favor.

## II. LEGAL STANDARD

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

## III. LEGAL ANALYSIS

The Policy does not indicate which state's law governs disputes arising under it. In a diversity action, "the federal courts are obliged to apply the conflict of laws rules of the forum state." *TPLC, Inc. v. United Nat'l Ins. Co.*, 44 F.3d 1484, 1490 (10th Cir. 1995) (quoting *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Because this Court has jurisdiction over these claims through 28 U.S.C. § 1332, it must apply Colorado law, which follows the Restatement (Second) of Conflict of Laws to apply the most significant relationship to the contract. *Pompa v. Am. Fam. Mut. Ins. Co.*, 506 F.Supp.2d 412, 416 (D.Colo. 2007).

The most significant relationship test requires the consideration of five factors: place of contracting, place of negotiation, place of performance, location of the subject matter of the contract, and the domicile, residence, or place of business of the parties. *Vitkus v. Beatrice Co.*, 127 F.3d 936, 941 (10th Cir. 1997); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188(2) (1971)). There is no doubt that the analysis of these factors yields one conclusion - that Colorado has the most significant relationship to the Policy. The Policy is a "Colorado Auto Policy," the Policy was issued in and delivered to Defendant in Colorado, and Defendant is a resident of Colorado. Without belaboring the issue, Colorado law governs this dispute.

Construction of insurance contracts is a matter of law to be determined by the court. *MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1190 (10th Cir. 2009). Colorado courts "construe an insurance policy's terms according to principles of contract interpretation." *Thompson v. Md. Cas. Co.*, 84 P.3d 496, 501 (Colo. 2004). In *Thompson*,

a duty to defend insurance policy case, the Colorado Supreme Court said:

> In interpreting a contract, we seek to give effect to the intent and reasonable expectations of the parties. Accordingly, unless the parties intend otherwise, terms in an insurance policy should be assigned their plain and ordinary meaning.
>
> We also recognize that unlike a negotiated contract, an insurance policy is often imposed on a "take-it-or-leave-it" basis. Therefore, we assume a "heightened responsibility" in reviewing insurance policy terms to ensure that they comply with public policy and principles of fairness. Accordingly, ambiguous terms in an insurance policy are construed against the insurer.

*Id.* at 501-02 (internal citations omitted). I will now turn to the language of the policy at issue. *See State Farm Mut. Auto. Ins. Co. v. Nissen*, 851 P.2d 165, 166 (Colo. 1993) ("Our starting point is the plain language of the contract and the intent of the parties as expressed in that language.").

The Policy at issue here contains the following exclusion:

> There is no coverage for BI for which a covered person becomes legally responsible to pay a member of that covered person's family residing in that covered person's household.

*See* Pl.'s Mot, p. 3, ¶7. This exclusion and the terms of the Policy are clear and unambiguous. The Policy defines "BI" as "bodily harm, sickness, disease, or death." The "covered person" is Defendant and a family member is defined "a person related to [Defendant] by blood, marriage, or adoption who is a resident of [his] household [including] a ward or foster child." The undisputed facts demonstrate that, at the time of the Accident, each of the passengers in Defendant's vehicle was a member of his family residing in his household. The undisputed facts demonstrate that these same family members have filed a lawsuit to recover for the bodily injuries they sustained in that

accident. The Household Exclusion, however, expressly states that the Policy provides no coverage for bodily injury for which Defendant becomes legally responsible to pay a member of his family residing in his household. As a result, USAA has no duty to defend or indemnify Defendant in that Lawsuit.

Given the Defendant's brief response to the motion for summary judgment, the Defendant may have expected this result - and for good reason. It is well settled in Colorado that household exclusions in auto insurance policies are consistent with public policy. On July 1, 1986, the Colorado General Assembly adopted C.R.S. § 10-4-418(2)(b), which provides as follows:

> The [insurance] commissioner shall not find that a policy form, certificate, or contract of insurance or rider does not comply with the applicable requirements and standards of this title on the ground that it excludes coverage of claims made by a member of a household against another member of the same household. Such exclusions are in conformity with the public policy of this state.

(emphasis added). In adopting this provision, the Colorado General Assembly expressly validated household exclusions and legislatively repealed the Colorado Supreme Court's decision in *Meyer v. State Farm Mut. Auto. Ins. Co.*, 689 P.2d 585 (Colo. 1984), in which the court held that household exclusion clauses in automobile liability insurance policies were contrary to Colorado public policy and, therefore, invalid. *See Coffman v. State Farm Auto. Ins. Co.*, 884 P.2d 275, 279-81 (Colo. 1994). Since the Colorado General Assembly's adoption of C.R.S. § 10-4-418(2)(b), Colorado courts have routinely affirmed the validity and enforceability of household exclusion clauses such as the one at issue here. *See, e.g., Allstate Ins. Co. v. Feghali*, 814 P.2d 863, 865-69 (Colo. 1991).

**IV. CONCLUSION**

Accordingly, it is

ORDERED that USAA Casualty Insurance Company's Motion for Summary Judgment filed March 9, 2010 [ECF No. 13] is **GRANTED**. It is

FURTHER ORDERED that a declaratory judgment is entered in favor of USAA Casualty Insurance Company and against Defendant Michael C. Betts, Jr. such that USAA is not obligated to defend or pay any judgment rendered against Betts in the lawsuit styled *Great Western Bank, et al. v. Yasinskiy, et al*, Doc. 1092, Page 979, District Court for Douglas County, Nebraska, under Colorado Auto Policy No. 01009-72-53C-7102-8 pursuant to the Household Exclusion contained therein because that lawsuit seeks damages for bodily injuries sustained by members of Betts' family, who were residing with Betts at the time of the accident.

Dated: September 3, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge